**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

KEONNA CAMPBELL,                 :

      Plaintiff,                :

                          :

v.                         :      CASE NO.: 1:25-CV-22 (LAG)

                          :

TRANS UNION, LLC,         :

                          :

      Defendant.          :

                          :

## <u>ORDER</u>

Before the Court is Defendant Trans Union, LLC's Motion for Judgment on the Pleadings. (Doc. 12). For the reasons below, Defendant's Motion is **GRANTED**.

## BACKGROUND

On February 11, 2025, Plaintiff Keonna Campbell filed a Complaint against Defendant Trans Union, LLC alleging violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*. (Doc. 1 ¶¶ 36–49).[1] At all times relevant to the Complaint, Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) and Defendant is a "consumer reporting agency" (CRA) as described in 15 U.S.C. § 1681a(f). (*Id.* ¶¶ 3, 8). CRA's "regularly engage[] in whole or in part in the practice of assembling or evaluating consumer credit information . . . for the purpose of furnishing consumer reports to third parties[.]" 15 U.S.C. § 1681a(f). A "consumer report" is "any written, oral, or other communication of any information by a [CRA] bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living[.]" 15 U.S.C. § 1681a(d).

The account at issue is Plaintiff's Macy's credit card account, held through Citibank (the Account). (Doc. 1 ¶ 12). Citibank employed Phillips & Cohen Associates, Ltd.

---

[1]     On a motion for judgment on the pleadings, the Court accepts all facts alleged in the Complaint (Doc. 1) as true. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

(Phillips & Cohen) as an agent. (*Id.* ¶ 13). On or about September 21, 2023, Plaintiff and Phillips & Cohen settled the Account for $1,759.00. (*Id.* ¶ 18). Pursuant to the settlement agreement, Plaintiff was to make three payments of $146.59 and one payment of $1,319.23, with the final payment due December 14, 2023. (*Id.* ¶ 19).

On August 8, 2024, Plaintiff received a copy of her consumer report from Defendant. (*Id.* ¶ 20). Plaintiff alleges that Defendant "reported inaccurate information" about Plaintiff's Account. (*Id.* ¶ 21). Specifically, Plaintiff states that Defendant reported the Account as having a rating of "[c]harged off by account provider" until May 2024 "even though the Account was paid and settled in December 2023" and did not "include an accurate history of the payments Plaintiff made . . . [on] the Account." (*Id.* ¶ 22). On August 19, 2024, Plaintiff mailed a letter disputing the report to Defendant. (*Id.* ¶ 24). In the letter, Plaintiff disputed the "charged off by account provider" entry and the payment history. (*Id.* ¶ 25). She included "proof of the agreement" between herself and Phillips & Cohen, as well as "proof of the payments made in satisfaction of the agreement." (*Id.*). Upon Plaintiff's information and belief, Defendant notified Citibank of Plaintiff's dispute within five days of receipt of the letter and sent along the documentation Plaintiff included in her dispute letter. (*Id.* ¶¶ 26, 27).

On October 11, 2024, Plaintiff received Defendant's second report,[2] which she alleges contain the same inaccuracies as the first. (*Id.* ¶ 28). Plaintiff states that at the time of filing the Complaint, in February 2025, Defendant "continues to inaccurately report the Account rating [as charged off] and . . . the payment history of the account." (*Id.* ¶ 29). Plaintiff alleges that Defendant's failure to report on the Account accurately has "harmed Plaintiff's credit score and would . . . mislead any third party reviewing Plaintiff's credit history." (*Id.* ¶ 23). Plaintiff seeks punitive damages under 15 U.S.C. § 1681n, as she alleges that Defendant's "conduct, action, and inaction were willful[.]" (*Id.* ¶¶ 40, 47). In the alternative, she seeks damages under 15 U.S.C. § 1681o. (*Id.* ¶¶ 41, 48).

---

[2]    Plaintiff does not specify if this is the reinvestigation report, but the Court notes that the report was received almost two months after Plaintiff sent the letter disputing the first report.

On September 8, 2025, Defendant filed a Motion for Judgment on the Pleadings.[3] (Doc. 12). Plaintiff responded on September 22, 2025. (Doc. 14). Defendant replied on September 24, 2025. (Doc. 15). Accordingly, the Motion for Judgment on the Pleadings is ripe for review. *See* M.D. Ga. L.R. 7.3.1(A).

## LEGAL STANDARD

Courts analyze motions for judgment on the pleadings using "the same standard as" motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018) (citation omitted). Rule 12(c) provides that "a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial." *King v. Akima Glob. Servs.*, 775 F. App'x 617, 620 (11th Cir. 2019) (per curiam); *Carbone*, 910 F.3d at 1350. The court will accept all material facts in the complaint as true and "view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citation omitted). Courts may only grant a motion for judgment on the pleadings "where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). If there is a material dispute of fact in the parties' pleadings, the court must deny judgment on the pleadings. *Id.* (citing *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956)). Further, under Rule 12(b)(6), "a complaint must contain sufficient factual matter" to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the court, based on the factual allegations, can reasonably infer that the defendant is liable for the alleged misconduct and expect that discovery will reveal evidence of liability. *Id.*; *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

---

[3]    Defendant filed this Amended Motion after filing its first Motion for Judgment on the Pleadings at Doc. 10. The Court accepts the more recent filing (Doc. 12) as the operative Motion. Accordingly, the Motion at Doc. 10 is **moot**.

3

Defendant submitted, along with its Motion for Judgment on the Pleadings, a Declaration of its representative, Donald Wagner (Doc. 12-2 at 1–3), which authenticates one attachment, Exhibit A-1 (Doc. 12-2 at 4–20). The attachment is a copy of Plaintiff's August 8, 2024 consumer report. "Ordinarily, [courts] do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (per curiam) (citation omitted). "This [C]ourt recognizes an exception, however, in cases in which a plaintiff refers to a document in [her] complaint, the document is central to [her] claim[s], its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Id.* (citations omitted). The Eleventh Circuit has extended this exception to Rule 12(c) cases. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Here, Plaintiff alleges that she received a copy of the consumer report from Defendant on August 8, 2024. (Doc. 1 ¶ 20). Exhibit A-1 is a copy of that August 8, 2024 report (referred to hereinafter as the August 2024 Report). Although Plaintiff does not quote the report in the Complaint, it is central to Plaintiff's claims, as Plaintiff "would have . . . to offer the document in order to prove [her] case[.]" *Fin. Sec. Assur., Inc.*, 500 F.3d at 1285. Moreover, Plaintiff does not dispute the contents of the Declaration or the report in her Response. (*See generally* Doc. 14-1). Accordingly, the Court will consider the August 2024 Report appended to Defendant's Motion for Judgment on the Pleadings without converting the motion to a summary judgment motion. *See Horsley*, 304 F.3d at 1134.

## DISCUSSION

Plaintiff claims that Defendant violated Sections 1681e(b) and 1681i of the FCRA by inaccurately reporting information on the Account. (Doc. 1 ¶¶ 36–49). The FCRA provides that a CRA preparing a consumer report must "follow reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Further, if a consumer disputes the accuracy of any information contained in her file and she notifies the CRA of the dispute, the CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate[.]" *Id.* § 1681i(a)(1)(A). "To establish a violation of either of

these FCRA provisions, the consumer must present evidence tending to show that the agency prepared a report containing inaccurate information." *Middlebrooks v. Equifax, Inc.*, No. 23-11086, 2024 WL 631000, at *6 (11th Cir. Feb. 15, 2024) (citation omitted); *Gibson v. Equifax Information Services, LLC*, No. 5:18-CV-00456-TES, 2019 WL 4731957, at *3 (M.D. Ga. July 2, 2019) (stating that a violation of either provision, at the motion to dismiss stage, requires a threshold showing that the CRA reported or maintained inaccurate information).

Defendant argues that because Plaintiff has not pled an inaccuracy in her credit report or credit file, she does not have a valid claim under either § 1681e(b) or § 1681i. (Doc. 12-1 at 4). In response, Plaintiff maintains that Defendant continued to report her Account as charged off through May of 2024, and that this is the inaccuracy. (Doc. 14-1 at 6). She further argues that, even if the Court finds the report accurate, her Section 1681i claim should survive. (*Id.* at 8–11). "An inaccuracy on [Plaintiff's] credit report is an essential element of both of [Plaintiff's] claims." *Middlebrooks*, 2024 WL 631000, at *6 (citing 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A)). As discussed below, Plaintiff has failed to plead facts showing that inaccurate information was reported in the August 2024 Report.[4]

The August 2024 Report shows that the information regarding the account at issue was updated on May 22, 2024. (Doc. 12-2 at 10). In the section titled "Pay Status," the entry reads "Account paid in Full; was a charge-off." (*Id.*). The "Original Charge-off" amount is listed at $4,396. (*Id.*). The August 2024 Report also reflects that the account was closed on September 21, 2022 and that the last payment on the account was made on December 15, 2023. (*Id.*). While the "Pay Status" entry correctly notes that the account was paid in full, the "Ratings" section of the August 2024 Report continues to report the account as "C/O," which stands for Charge Off, for every month from December 2022

---

[4] Plaintiff does not address the inaccurate payment history she alleges in her Complaint. (*See generally* Doc. 14-1; *see also* Doc. 1 ¶¶ 25, 29). Therefore, her claim that Defendant "continues to inaccurately report . . . the payment history of the account[,]" (Doc. 1 ¶ 29), has been abandoned. *See Moore v. Camden Prop. Tr.*, No. 1:17-CV-01655-ELR, 2019 WL 11441431, at *3 (N.D. Ga. Mar. 26, 2019) (collecting cases for the proposition that when an argument is raised that a claim is subject to dismissal, and the [nonmoving] party fails to respond to such an argument, such claims are deemed abandoned), *aff'd*, 816 F. App'x 324 (11th Cir. 2020).

through May 2024. (*Id.*). But, further down, in a section captioned, "Supplemental Consumer Credit Information," for "All Open Charge-offs" in the last 3 months, 6 months, 9 months, 12 months, 24 months, and 7 years, the reported amount is $0. (*Id.* at 17).

"[C]laims under 15 U.S.C. [§§] 1681e(b) and 1681(i) require [a plaintiff] to plead and prove an inaccuracy in her credit report or credit file." *Lacey v. TransUnion, LLC*, No. 8:21-CV-519-02-JSS, 2021 WL 2917602, at *3 (M.D. Fla. July 12, 2021) (citations omitted). "[W]hen evaluating whether a report is accurate [under the FCRA], we look to the objectively reasonable interpretations of the report. If a report is so misleading that it is objectively likely to cause the intended user to take adverse action against its subject, it is not maximally accurate." *Id.* at *4 (second alteration in original) (quoting *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020)). "[I]n determining whether a credit report is both true and unlikely to lead to misunderstanding, the report must be reviewed and considered in its entirety, instead of focusing on a single field of data." *Id.* at *4 (collecting cases). When viewed in its entirety, Defendant's reporting is not inaccurate. Objectively, no reasonable creditor looking at the report would be misled by the C/O rating into believing that Plaintiff is still late on the Account given that the balance on the Account is, in the same chart, reported as $0 and the explanatory note above clearly stated that the Account had been charged-off but was now paid in full. (*See* Doc. 12-2 at 10, 17); *see also Hernandez v. TransUnion, LLC*, No. 3:19CV1987-RV/EMT, 2020 WL 8368221, at *3 (N.D. Fla. Dec. 10, 2020) (finding a report neither "inaccurate nor materially misleading" after "[c]onsidering the totality of the information reported").

When Plaintiff's Account is viewed as a whole, "it is undeniable that there exists no ongoing obligation for payment." *Gibson*, 2019 WL 4731957, at *4 (quoting *Meeks v. Equifax Info. Servs. LLC*, No. 1:18-CV-03666-TWT-WEJ, 2019 WL 1856411, at *1 (N.D. Ga. Mar. 4, 2019), *report & recommendation adopted*, 2019 WL 1856412, at *1 (N.D. Ga. Apr. 23, 2019)). "[T]he fact that some user somewhere could possibly squint at a report and imagine a reason to think twice about its subject [does] not render the report objectively misleading." *Erickson*, 981 F.3d at 1252. Thus, Plaintiff has not carried her burden of

sufficiently pleading that the information Defendant reported is inaccurate and she has failed to state a claim under 1681e(b) or 1681i. *See Her v. Equifax info. Servs., LLC*, No. 1:18-CV-05182-CC-RGV, 2019 WL 4295280, at *6 (N.D. Ga. July 12, 2019) (citation omitted), *report & recommendation adopted*, 2019 WL 4295279 (N.D. Ga. Aug. 9, 2019). Plaintiff also seeks punitive damages arguing that Defendant's "conduct, action, and inaction were willful, rendering Defendant . . . liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n" (Doc. 1 ¶¶ 40, 47). As Plaintiff has failed adequately to allege that Defendant violated 1681e(b) or 1681i, she has also failed to allege willfulness. *See Her*, 2019 WL 4295280, at *6 n.7; *Meeks*, 2019 WL 1856411, at *7 n. 8

In her Response to Defendant's Motion for Judgment on the Pleadings, Plaintiff alternatively requests leave to amend her Complaint should the Court find she failed to plead sufficient facts. (Doc. 14-1 at 13). Plaintiff has not filed a Motion for Leave to Amend setting forth the substance of the proposed amendment, nor has she attached a copy of the proposed amended complaint. Plaintiff has given no reason to believe that there are additional facts possible to cure the deficiencies of her Complaint. Therefore, Plaintiff's request to amend the complaint is denied. *See Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) (the district court did not abuse its discretion in denying request for leave to amend where the request was in a footnote and did not describe the substance of the proposed amendment); *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361–62 (11th Cir. 2006) (affirming denial of leave to amend where the plaintiff did not file a motion for leave to amend, requested leave to amend in the memorandum she filed in opposition to a motion to dismiss, and did not describe the substance of the proposed amendment); *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) (stating that a court may properly deny leave to amend when such amendment would be futile).

### CONCLUSION

Accordingly, Defendant's Motion for Judgment on the Pleadings (Doc. 12) is **GRANTED**. Plaintiff's claims asserted against Defendant are **DISMISSED without prejudice**.

**SO ORDERED**, this 4th day of March, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**